## Thomas Rankin et al. v. Commissioners of Road District No. 15.

1. INJUNCTIONS—*To Restrain the Commissioners of Highways from Vacating a Highway.*—An injunction will not lie to restrain the commissioners of highways from vacating a road when they are proceeding regularly under the statute authorizing them to do so.

**Bill for an Injunction.**—Error to the Circuit Court of Randolph County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

GORDON & IROSE, attorneys for appellants.

HAMILL & BORDERS, attorneys for appellees.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery, in the Circuit Court of Randolph County, to enjoin defendants in error as commissioners of highways from vacating a certain part of a public road. On the 13th day of August, 1900, the bill was presented to one of the judges, in chambers, and a temporary injunction ordered. At the following September term of the court defendants in error demurred to the bill, the court sustained the demurrer, plaintiffs in error elected to stand by their bill, the court ordered the injunction dissolved and the bill dismissed.

The statute provides as follows (Chapter 121, Starr & Curtis):

§ 230. " The commissioners may * * * vacate any road within * * * their respective districts, when petitioned by any number of land owners, not less than twelve, residing in such districts, and within three miles of the road to be so * * * vacated."

§ 232. " When the commissioner shall receive such petition they shall fix a time when, and a place where, they will meet to examine the route of such road, and to hear reasons for or against the * * * vacating of the same * * * , and they shall give at least ten days' notice of the time and place of such meeting." * * *

Rankin v. Commissioners of Road District.

§ 238. " In all cases where a petition is presented to the board of highway commissioners, praying for * * * a vacation of any road, * * * if there shall be remonstrances presented against granting the same, it shall be the duty of said board to give due consideration, both to the petition and remonstrances, and grant or refuse the prayer of such petitioners, as in their discretion shall be just and proper."

§ 259. " Any person or persons interested in the decision of the commissioners in determining to or refusing to * * * vacate any road * * * may appeal from such decision to the County or Circuit Court."

From what complainants' bill states it appears or must be inferred that the road in question is a public road, within the district over which the defendant commissioners had jurisdiction; that a proper petition praying for a vacation of the road had been properly presented; that the commissioners had properly fixed the time and place when and where they would meet to make the examination required by the statute and to hear reasons for and against the vacating of the road, and had given due notice thereof. At this point further proceeding on the part of the commissioners was stayed by the temporary injunction.

It is not charged, nor attempted to be charged in complainants' bill, that the commissioners had in any respect proceeded irregularly or to any extent gone beyond their duty as plainly laid down in the statute, nor is there any charge of an intention on their part to proceed irregularly or to go beyond the duty imposed by law. The bill presents no ground warranting a court of equity in interfering with the course of procedure provided by statute in such cases.

We find no error in this record. The decree of the Circuit Court of Randolph County is affirmed.